MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Chad Solari

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHAD SOLARI, | ) | CIVIL NO. _____ |
|---|---|---|
| Plaintiff, | ) ) ) | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | ) ) | |
| FOODLAND SUPER MARKET, LIMITED, | ) ) ) | |
| Defendant. | ) ) | |

COMPLAINT

COMES NOW, Plaintiff CHAD SOLARI, by and through his attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff CHAD SOLARI (hereinafter "SOLARI") was at all times mentioned herein a resident of Honolulu, Hawaii. Plaintiff is currently a resident of Salt Lake City, Utah.

2. Defendant FOODLAND SUPER MARKET, LIMITED (hereinafter "FOODLAND") is a domestic profit corporation incorporated in the State of Hawaii.

3. Plaintiff was hired by Defendant FOODLAND on December 14, 2020, as Director of Produce.

4. Plaintiff was working and residing on the mainland and moved to Hawaii to take the position with Defendant FOODLAND.

5. On August 12, 2021, Plaintiff was terminated from his position due to discrimination based on his Caucasian race, age of 61 years, and that he is a male.

## JURISDICTION

6. The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967 (ADEA).

7. The administrative prerequisites for filing this action have been fulfilled. A Charge of Discrimination was filed with the Equal Employment Opportunity Commission (EEOC) alleging discrimination due to race, sex, and age. A Dismissal and Notice of Rights was issued by the EEOC on March 23, 2022, and this action is filed pursuant to that Dismissal and Notice of Rights.

## STATEMENT OF FACTS

8. Plaintiff was hired by Defendant FOODLAND on December 14, 2020, as Director of Produce pursuant to an offer letter of employment.

9. Plaintiff moved from the mainland to Hawaii to take the position.

10. Plaintiff received written performance reviews in February 2021 and March 2021 with recommendation for some improvement.

11. Plaintiff was warned by another Director that Defendant FOODLAND is female dominated, and males are held to a higher standard of performance.

12. Plaintiff received no further performance reviews prior to termination, and no allegations of poor performance. Even when terminated, Plaintiff was not informed that it was due to poor performance.

13. During Plaintiff's time as Director of Produce, the gross sales of Defendant FOODLAND increased by over 10% in the produce department. This was the largest increase in any of the departments in Defendant's stores during that time.

14. On August 12, 2021, Plaintiff was suddenly called into the corporate office and terminated and presented with a severance agreement including release of claims.

15. Plaintiff was told that Defendant FOODLAND was "restructuring and he was not a good fit".

16. At the termination meeting, Plaintiff was presented with a separation agreement effective immediately. There were no discussions about performance problems, only that Plaintiff was no longer a "good fit".

17. Just prior to termination, Defendant FOODLAND had replaced Plaintiff's male supervisor with an Asian female supervisor who was younger than Plaintiff.

18. Plaintiff was immediately replaced as Director of Produce by a younger Asian female in her 20's.

19. The majority of the people in the management office are younger Asian females.

20. On the same day of Plaintiff's termination with Defendant, Plaintiff's male co-worker, age 55 years, was also deemed "not a good fit" and was terminated. The male co-employee had no prior disciplinary or performance issues.

21. Prior to the termination Plaintiff was performing his job duties with Defendant FOODLAND satisfactorily with no disciplinary actions, nor indication from management about performance issues.

## STATEMENT OF CLAIMS

## COUNT I

## DISCRIMINATION DUE TO RACE AND SEX

22. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

23. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to race and sex.

24. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of Title of the Civil Rights Act of 1964, as amended.

25. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

26. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

27. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety

about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT II - AGE

28. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

29. The Age Discrimination in Employment Act of 1967 (ADEA) prohibits discrimination and termination due to age.

30. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of the Age Discrimination in Employment Act of 1967 (ADEA).

31. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

32. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from

unlawful employment practices, and great humiliation, which is manifest in emotional distress.

33. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

34. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

35. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff SOLARI prays that judgment be entered on all Counts:

    A.    For reinstatement to employment with Defendant FOODLAND with full benefits; and

B. For all damages to which Plaintiff SOLARI is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For damages for intentional infliction of emotional distress; and

E. For punitive damages; and

F. For attorney's fees, costs, and interest, including prejudgment interest; and

G. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, June 21, 2022.

      /s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Chad Solari